995 F.2d 305
 301 U.S.App.D.C. 405
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Joseph Lee HUGHES, Appellant.
 No. 90-3035.
 United States Court of Appeals, District of Columbia Circuit.
 June 1, 1993.
Rehearing Denied July 30, 1993.
 
 Before: WALD, HENDERSON and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was heard on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED that the appellant's conviction and sentence be affirmed. The trial court properly denied the appellant's motion to suppress the crack found in his pocket because it was lawfully seized incident to his arrest for assault. See Chimel v. California, 395 U.S. 752, 763 (1969). Initially, the appellant's forward leaning motion in the car's front seat, which Officer Wingate interpreted as "reaching down to put something down under the seat, or to take something from up under the seat," and his subsequent "fidgety" behavior provided "reasonable grounds to believe that [the appellant] was armed and dangerous, and it was necessary for the protection of himself and others to take swift measures to discover the true facts and neutralize the threat of harm if it materialized." Terry v. Ohio, 392 U.S. 1, 30 (1968). He was therefore "entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of [the appellant] in an attempt to discover weapons which might be used to assault him." Id. The appellant does not challenge the scope of that search, which he in fact prevented from being completed, nor the existence of probable cause to support his subsequent arrest which led to the crack's discovery. As for the appellant's jury instruction challenge, if there was error in the trial court's failure to charge possession of more than five grams as an element of the crime of conviction,* it does not warrant reversal. Because the appellant never objected to the court's failure to charge the quantity as an element, that omission can support reversal only if it is plain error, that is, if it caused a miscarriage of justice. See United States v. Sayan, 968 F.2d 55, 59, 60 (D.C.Cir.1992). The appellant here never challenged the quantity of the crack he possessed, only his intent to distribute it, and the undisputed trial evidence established he had more than five grams. Accordingly, there was no miscarriage of justice or reversible error. Finally, we summarily reject the appellant's speedy trial challenge as foreclosed by our opinion in United States v. Mills, 964 F.2d 1186 (D.C.Cir.) (en banc), cert. denied, 113 S.Ct. 471 (1992).
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).
 
 
 
 *
 But see United States v. Garrett, 959 F.2d 1005, 1006 n. 1 (D.C.Cir.1992) (21 U.S.C. § 841(b)(1)(B)(iii) and 841(b)(1)(c) "are penalty provisions and not components of any substantive offense"); United States v. Patrick, 959 F.2d 991, 996 n. 5 (D.C.Cir.1992) ("[W]e note, as have numerous other courts, that the quantity of drug possessed is not a constitutent element of the offense of possession with intent to distribute under 21 U.S.C. § 841(a). Quantity is relevant only to punishment; the district judge, and not the jury, makes this determination."); United States v. Lam Kwong-Wah, 966 F.2d 682, 685 (D.C.Cir.) ("This court, however, recently joined the majority of other circuits holding that the quantity of drugs involved in a conspiracy or distribution charge is not a basic element of the offense, but is rather a sentencing factor to be determined by the judge.") (citing Patrick ), cert. denied, 113 S.Ct. 287 (1992)